UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

CUACHTEMOC SALGADO,
JOSEPH RIVERA,
ALEJANDRO ARRESSE, and
ANGEL ROMERO,

    Plaintiffs,

  v.

CECILIA BELLIDO, and
DRAKO CONSTRUCTION, CO, INC.,

    Defendants.

Civil No. 10-2578 (JNE/FLN)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on the applications of the above-named Plaintiffs for leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 2, 3, 4 and 5.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiffs' IFP applications be denied, and that this action be summarily dismissed for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiffs commenced this action by filing a one-page, self-styled civil complaint. (Docket No. 1.) They allege that in October 2009, they were hired by the named Defendants, Cecilia Bellido and "her company" Drako Construction Co., Inc., to do some construction work. Defendants allegedly hired Plaintiffs to do some "painting, roofing, electrical, heating, and plumbing" at "various locations" in Minneapolis and St. Paul, Minnesota.

Plaintiffs allege that they completed the work that Defendants hired them to do, and they have determined that the total monetary value of the goods and services they furnished to Defendants is $37,000.00. Defendants allegedly gave Plaintiffs "some checks," but those checks allegedly were not honored, because either (a) there were insufficient funds in the accounts on which the checks were drawn, or (b) the accounts on which the checks were drawn had been closed. Plaintiffs further allege that Defendants themselves were paid over $278,000.00 by the owners of the properties at which Plaintiffs furnished the labor and materials described in their complaint.

Despite Plaintiffs' repeated demands for payment, Defendants allegedly have refused and neglected to pay Plaintiffs for the labor and materials at issue in this case. Plaintiffs are now seeking a judgment against Defendants for "the amount defendants owes [sic] to us," presumably meaning $37,000.00.

Plaintiffs' complaint does not identify any grounds for federal subject matter jurisdiction, as required by Fed. R. Civ. P. 8,[1] and the Court cannot independently discern any basis for subject matter jurisdiction in this action. The Court will therefore recommend that this case be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

"Subject matter jurisdiction... is a threshold requirement which must be assured in every federal case." Turner v. Armontrout, 922 F.2d 492, 293 (8th Cir. 1991). "[W]here jurisdiction does not exist the court, whether trial or appellate, shall dismiss the action sua

---

[1] Rule 8(a) requires that every complaint filed in federal court must include "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."

sponte." Williams v. Rogers, 449 F.2d 513, 518 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972), (citing Louisville and Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)). Fed. R. Civ. P. 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." (Emphasis added.)

Here, it plainly appears that there are no grounds for federal subject matter jurisdiction. Although the complaint does not specifically identify the legal basis for Plaintiffs' claims against Defendants, it is readily apparent that Plaintiffs must be seeking relief based on breach of contract, unjust enrichment, fraud, theft by contractor, or some other cause of action based solely on state law. Plaintiffs have not identified any federal law on which their claims might be based, and the Court cannot independently ascertain any federal law basis for this action. Thus, the Court finds that jurisdiction cannot exist under the "Federal Question" statute, 28 U.S.C. § 1331.

Plaintiffs have likewise failed to show that subject matter jurisdiction exists under the "Diversity of Citizenship" statute, 28 U.S.C. § 1332. The complaint explicitly states that all four Plaintiffs are residents of Minnesota, and that at least one of the named Defendants, Cecilia Bellido, is also a resident of Minnesota. Therefore, subject matter cannot be predicated on diversity of citizenship.[2]

Because Plaintiffs have not identified any grounds for federal subject matter jurisdiction in this case, their current complaint cannot be entertained in federal court. The Court will therefore recommend that Plaintiffs' respective IFP application be denied, (see

---

[2] The Court further notes that even if diversity of citizenship did exist, federal subject matter jurisdiction could not exist under 28 U.S.C. § 1332, because the "amount in controversy" in this case is only $37,000.00, which does not satisfy the statutory threshold for establishing jurisdiction under § 1332.

28 U.S.C. § 1915(e)(2)(b)), and that this action be summarily dismissed for lack of jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).[3]

## III. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiffs' applications for leave to proceed in forma pauperis, (Docket No. 2, 3, 4 and 5), be **DENIED**; and

2. This action be summarily **DISMISSED** for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).


Dated:　July  7 , 2010

　　　　　　　　　　　　　　　　　　　　　*s/ Franklin L. Noel*
　　　　　　　　　　　　　　　　　　　　　FRANKLIN L. NOEL
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **July 21, 2010**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.

---

[3] The Court's recommendation does not necessarily signify that Plaintiffs have no actionable claim for relief; it simply means that they will have to pursue their claims in state court, rather than federal court. It is questionable, however, whether Plaintiffs' current complaint could survive preliminary review even in state court, because they have done a poor job of describing the factual and legal bases for their claims. Plaintiffs are strongly encouraged to seek legal assistance before attempting to initiate any further legal proceedings in any court.